# Exhibit 1

1 | Yelena Shimonova, Esq. (#031565)
Timothy G. Tonkin, Esq. (#020709)
2 | **PHILLIPS LAW GROUP, P.C.**
3101 N. Central Ave., Suite 1500
3 | Phoenix, Arizona 85012
Telephone: (602) 258-8900 ext. 696
4 | Facsimile: (602) 288-1663
E-Mail: YelenaS@phillipslaw.com
5 | minute_entries@phillipslaw.com

6 | *Attorneys for Plaintiff*

**COPY**

NOV 1 3 2017

MICHAEL K. JEANES, CLERK
V. CANISALES
DEPUTY CLERK

7 | IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8 | IN AND FOR THE COUNTY OF MARICOPA

9 | ALBERT MITCHELL, individually,

Case No.: CV 2017-014893

10 | Plaintiff,

**COMPLAINT**

11 | vs.

(Contract: Bad Faith)

12 | LIBERTY MUTUAL INSURANCE
13 | COMPANY, a Massachusetts Corporation;
JOHN DOES 1-5; JANE DOES 1-5; BLACK
14 | CORPORATIONS 1-5; and WHITE
PARTNERSHIPS 1-5,

15 | Defendants.

16 |

17 | Plaintiff ALBERT MITCHELL, for his cause of action against the Defendants, alleges

18 | as follows:

19 | **Jurisdiction and Venue**

20 | 1.     This Court has jurisdiction over the subject matter of this action under Arizona

21 | Const. Art. 6, § 14 and A.R.S. § 12-123, as the action is one in which exclusive jurisdiction is

22 | not vested by law in another court.

23 | 2.     The minimum jurisdictional amount established for filing this action has been

24 | satisfied. This Court has jurisdiction and venue is proper.

25 | ///

1

1

**Parties**

2    3.    Plaintiff is a resident of Maricopa County, Arizona.

3    4.    Defendant LIBERTY MUTUAL INSURANCE COMPANY ("Defendant") is a

4  foreign corporation which was, and is, licensed to do business in the State of Arizona, and

5  provided and continues to provide insurance services within the State of Arizona, or placed and

6  continues to place insurance products in the stream of commerce reaching the State of Arizona.

7    5.    Defendants sued herein as John Does 1-5 are now and were at all relevant times

8  residents of the County of Maricopa, State of Arizona. Further, said Defendants are owners,

9  partners, agents, servants, managers, and/or employees of Defendant Liberty Mutual Insurance

10  Company, and as such are liable for the actions of said Defendant(s) such that the employer

11  Defendant is vicariously liable for the acts and omissions of John Does 1-5.    Further the

12  Defendants sued herein as Jane Does 1-5 are the wives of Defendants John Does 1-5 and all

13  acts complained of herein were for and on behalf of the respective Doe marital communities.

14  Plaintiff will request leave of the Court to insert the true names of these unknown Defendants

15  as their identities are learned in the course of discovery.

16    6.    The Defendants sued herein as Black Corporations 1-5, and/or White

17  Partnerships 1-5, is/are the owner(s), agent(s), dba(s), servant(s), wholly owned subsidiary(ies),

18  managing partner(s) and/or corporate parent(s) of Defendant Liberty Mutual Insurance

19  Company, is/are liable for the actions of said Defendants. All said fictitious Defendants are

20  believed to be authorized to do business in the State of Arizona.

21

**Claim for Relief**

22

**Allegations Common to All Counts**

23    7.    Plaintiff alleges and incorporates by reference all the allegations contained in

24  Paragraphs 1 through 6 as if fully set forth herein.

25    8.    Defendant Liberty Mutual Insurance Company issued an automobile policy of

insurance identified as AOS-268-036466-40 to Plaintiff on his 2006 Audi AA6 which was in

1    effect on November 10, 2014; with uninsured motorist coverage in the amount of $250,000.00

2    for each person, $500,000.00 for each occurrence.

3          9.      On or about November 10, 2014, Plaintiff was involved in a motor vehicle

4    collision that was caused by the negligence of an uninsured driver, Kenneth Du Bois.

5          10.      As a direct and proximate cause of the negligence of the uninsured driver,

6    Kenneth Du Bois, Plaintiff sustained personal injuries, including pain, discomfort, suffering,

7    disability, disfigurement and anxiety, and will experience such personal injury in the future.

8          11.      As a further direct and proximate cause of the negligence of the uninsured driver,

9    Plaintiff incurred, and will continue to incur in the future, reasonable expenses for necessary

10    medical care, treatment and services.

11          12.      As a further direct and proximate cause of the negligence of the uninsured driver,

12    Plaintiff incurred lost earnings and sustained a decrease in future earning power or capacity.

13          13.      As a further direct and proximate cause of the negligence of the uninsured driver,

14    Plaintiff sustained general damages in excess of the minimum jurisdictional limits of this court.

15          14.      After recovering the liability limits of the policy of insurance covering Kenneth

16    Du Bois and pursuant to the Liberty Mutual Insurance Company policy, Plaintiff made a claim

17    against the uninsured portion of the policy issued by Defendants to Plaintiff.

18          15.      Although it has been almost three years since Plaintiff's collision, Defendants

19    have failed to compensate Plaintiff for the benefits to which he is rightfully entitled.

20    Defendant has forced Plaintiff to file this Complaint, forcing Plaintiff through needless

21    adversarial hoops to achieve his rights under the policy.

22                           **Count 1**

23               **Uninsured Motorist Benefits**

24          16.      Plaintiff alleges and incorporates by reference all the allegations contained in

25    Paragraphs 1 through 15 as if full set forth herein.

3

17.     Because the negligence of an uninsured driver caused Plaintiff to sustain personal injury and damages, Plaintiff is entitled to fair and reasonable compensation from Defendant Liberty Mutual Insurance Company under the uninsured motorist provision of the policy for those damages as the negligent driver was uninsured.

18.     Due to negligence of uninsured driver, Plaintiff has incurred to property damage expenses and is entitled to recover damages from said property damage under the uninsured motorist of the policy.

19.     At all times relevant to this action, Plaintiff is entitled to fair and reasonable compensation from John Does 1-5, Jane Does 1-5, their respective spouses, Black Corporations 1-5, and White Partnerships 1-5 under the uninsured motorist provision of the policy for those damages as the negligent driver was uninsured or Defendant Liberty Mutual Insurance Company are vicariously liable to Plaintiff under the policy issued by Defendant Liberty Mutual Insurance Company.

20.     Plaintiff is entitled to recover damages in the form of uninsured motorist benefits in an amount to be determined by the jury.

## Count 2

### Breach of Contract

21.     Plaintiff alleges and incorporates by reference all the allegations contained in Paragraphs 1 through 19 as if fully set forth herein.

22.     Plaintiff had a policy of insurance with Defendant Liberty Mutual Insurance Company that was in effect on November 10, 2014.

23.     That policy of insurance was a contract between Plaintiff and Liberty Mutual Insurance Company.

24.     Defendant Liberty Mutual Insurance Company failed to make a good faith offer to pay, and failed to reasonably and promptly pay, Plaintiff for his loss arising from the motor

4

1  vehicle accident failed to timely accept the claim, failed to negotiate this matter in good faith,
2  made false representation, failed to promptly respond to timely settlement offers, constituting a
3  *de facto* denial of coverage to which Plaintiff was entitled under the terms and conditions of his
4  policy of insurance with Defendant Liberty Mutual Insurance Company.

5      25.    At all times relevant to this action, all fictitious Defendants same failures also
6  constitute a breach of the insurance contract entered into by and between Plaintiff and
7  Defendant Liberty Mutual Insurance Company.

8      26.    At all times relevant to this action, all fictitious Defendants *de facto* denied
9  coverage, or breached the insurance contract by their acts or omissions, or are vicariously
10  liable for the acts or omissions of Defendant Liberty Mutual Insurance Company.

11     27.    As a direct and proximate result of Defendants' breach, Plaintiff sustained direct
12  and consequential damages and is entitled to those damages, including attorneys' fees and
13  costs.

14                                        **Count 3**

15                                        **Bad Faith**

16     28.    Plaintiff alleges and incorporates by reference all the allegations contained in
17  Paragraphs 1 through 26 as if fully set forth herein.

18     29.    Inherent in every contract of insurance is the insurance company's covenant of
19  good faith and fair dealing.

20     30.    Defendant Liberty Mutual Insurance Company failed to adequately investigate
21  Plaintiff's claims, failed to treat Plaintiff's claims with equal consideration, failed to make a
22  good faith offer, and failed to make reasonable efforts to avoid the necessity of litigation, each
23  and all of which constitute a breach of the covenant of good faith and fair dealing.

24     31.    At all times relevant to this action, all fictitious Defendants breached their
25  covenant of good faith and fair dealings by their acts or omissions, or are vicariously liable for
    the acts or omissions of Defendant Liberty Mutual Insurance Company.

5

1    32.    As a direct and proximate result of Liberty Mutual Insurance Company's breach,
2  Plaintiff sustained direct and consequential damages.

3    33.    Further, Plaintiff is also entitled to an award of punitive damages for the reason
4  that Defendant Liberty Mutual Insurance Company intended to injure Plaintiff or has acted
5  with a consistent pattern to undermine the security of its own policies to the detriment of its
6  insureds, including Plaintiff or, although not intending to cause injury, Defendant Liberty
7  Mutual Insurance Company's conduct was motivated by spite or ill will, or Defendant Liberty
8  Mutual Insurance Company's acted to serve their own interests, having reason to know, and
9  consciously disregarding, a substantial risk that their conduct might significantly injure the
10  rights of others.

11                         **Demand for Judgment**

12      WHEREFORE, Plaintiff demands judgment against the Defendants for the following:

13    1.    The full amount of uninsured motorist proceeds under the policy in an amount to
14  be determined by the jury;

15    2.    General damages for an amount to be proven at trial;

16    3.    Special damages for an amount to be proven at trial, including past and future
17  medical expenses, lost income and loss of earning capacity;

18    4.    Property damage expenses for an amount to be proven at trial including loss of
19  use, rental expenses and diminished value expenses;

20    5.    Attorneys' fees under A.R.S. § 12-341 and costs;

21    6.    Pre- and post-judgment interest at the statutory rate; and,

22    7.    Such other and further relief as the court deems just and proper under the
23  circumstances.

24

25

6

1

**DATED** this 10th day of November, 2017.

2

3

PHILLIPS LAW GROUP, P.C.

4

By: _____
Yelena Shimonova, Esq.

5

Timothy G. Tonkin, Esq.
*Attorneys for Plaintiff*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

7